UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES WALTER WEBER, JR.,

                     Plaintiff,

     v.

JERI BOE, *et al.*,

                  Defendants.

Case No. C25-5969-BHS-SKV

ORDER DENYING PLAINTIFF'S MOTION TO CEASE COLLECTION OF FILING FEE

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is currently in the custody of the Washington Department of Corrections ("DOC") and is confined at the Washington Corrections Center in Shelton, Washington. *See* Dkt. 4 at 2; Dkt. 12. Plaintiff submitted his civil rights complaint to the Court for filing on October 31, 2025, together with an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkts. 1, 1-1. On November 7, 2025, Plaintiff's IFP application was granted, his complaint was filed, and the Court directed service of Plaintiff's complaint on the named Defendants. Dkts. 3, 4, 5. Defendants filed timely waivers of service on December 5, 2025. Dkts. 7, 8. Shortly thereafter, on December 19, 2025, Plaintiff filed a motion to dismiss this action, noting therein that Defendants had granted him the relief he sought by way of his complaint. Dkt. 11. Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION
TO CEASE COLLECTION OF FILING FEE - 1

motion was construed as a notice of voluntary dismissal and the case was closed on the same date.

On January 21, 2026, Plaintiff filed a motion asking that this Court issue an order directing the DOC to cease collection of the filing fee in this matter. Dkt. 12. Defendants have filed a response opposing Plaintiff's request for relief. Dkt. 13.

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without the prepayment of fees. However, when a prisoner is granted leave to proceed without the prepayment of fees, the prisoner-plaintiff is still required to pay the full amount of the filing fee, he or she is simply permitted to do so over time rather than paying the entirety of the fee up front. *See* 28 U.S.C. § 1915(b). As a part of his IFP application, Plaintiff signed an Acknowledgement and Authorization form which makes clear he is responsible for payment of the full filing fee under § 1915. *See* Dkt. 1 at 3.

Because Plaintiff was granted IFP status in this action, he remains responsible for the filing fee even though he elected not to proceed with this action. This means that the facility in which Plaintiff is confined will automatically remove funds from his inmate account when the criteria specified in the Court's Order granting Plaintiff leave to proceed IFP (Dkt. 3) are met and will forward those funds to the Court.

Based on the foregoing, the Court hereby ORDERS as follows:

(1)    Plaintiff's motion for an order directing the DOC to cease collection of the filing fee in this matter (Dkt. 12) is DENIED.

//

//

//

ORDER DENYING PLAINTIFF'S MOTION
TO CEASE COLLECTION OF FILING FEE - 2

(2)     The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Benjamin H. Settle.

DATED this 17th day of February, 2026.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO CEASE COLLECTION OF FILING FEE - 3